**THE LAW OFFICES OF SENECA KONTURAS**
Seneca Konturas, Esquire
Oh. Id. No. 0095328

P.O. Box 662
Aurora Ohio 44202
330.552.7117 (p)
330.382.3052 (f)

**THE TRIAL LAW FIRM, LLC**
Mart Harris, Esquire (PHV to Be Pending)
Pa. Id. No. 319504
Nelson Berardinelli, Esquire (PHV to Be Pending)
Pa. Id. No. 310581

The Pittsburgher
428 Forbes Avenue, Suite 1700
Pittsburgh Pennsylvania 15219
412.350.8338 (p)
412.265.6505 (f)

## IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| **RASHIKA PORTER,**<br>c/o Law Offices of Seneca Konturas<br>P.O. Box 662<br>Aurora, Ohio 44202 | CASE NO. |
| | JUDGE |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT IN CIVIL ACTION** |
| **CORECIVIC, Inc.**<br>c/o Statutory Agent: CT Corporation<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219, | **JURY TRIAL DEMANDED** |
| and | |
| **CORRECTIONS OFFICER HINGOS**<br>c/o Northeast Ohio Correctional Center<br>2240 Hubbard Road<br>Youngstown, Ohio 44505, | |
| and | |
| **CORRECTIONS OFFICER BOND**<br>c/o Northeast Ohio Correctional Center | |

Porter Complaint - 1

2240 Hubbard Road
Youngstown, Ohio 44505,

and

**CORRECTIONS OFFICER GIOVINO**
c/o Northeast Ohio Correctional
Center
2240 Hubbard Road
Youngstown, Ohio 44505,

and

**CORRECTIONS OFFICER PAYNE**
c/o Northeast Ohio Correctional
Center
2240 Hubbard Road
Youngstown, Ohio 44505,

and

**CORRECTIONS OFFICER DANIEL**
c/o Northeast Ohio Correctional
Center
2240 Hubbard Road
Youngstown, Ohio 44505,

and

**CORRECTIONS OFFICER SANGENBAEHER**
c/o Northeast Ohio Correctional
Center
2240 Hubbard Road
Youngstown, Ohio 44505,

and

**CORRECTIONS OFFICER HIVNER**
c/o Northeast Ohio Correctional
Center
2240 Hubbard Road
Youngstown, Ohio 44505,

and

**CORRECTIONS OFFICER YEMMA**
c/o Northeast Ohio Correctional
Center
2240 Hubbard Road
Youngstown, Ohio 44505,

and

**WARDEN OF NORTHEAST OHIO CORRECTIONAL
CENTER AS OF OCTOBER 8, 2018**
c/o Northeast Ohio Correctional

Porter Complaint - 2

Center
2240 Hubbard Road
Youngstown, Ohio 44505,

       Defendants.

<u>**COMPLAINT**</u>

AND NOW, comes the Plaintiff, Rashika Porter, by and through his counsel, and files the within allegations against the Defendants:

**Parties**

1. The Plaintiff is Rashika Porter ("PORTER"). PORTER is a citizen of Allegheny County Pennsylvania.

2. The First Defendant is CoreCivic, Inc. ("CORE"). CORE is a business corporation that operates the Northeast Ohio Correctional Center located at 2240 Hubbard Road, Youngstown, Ohio 44505, in the Northern District of Ohio.

3. All of the individual Defendants are employees of CORE, and worked at a CORE facility within the Northern District of Ohio.

4. This Court, therefore, has personal jurisdiction over all of the Parties in, and and sits in the proper venue for, this lawsuit,

**Subject Matter Jurisdiction**

5. Upon information and belief, CORE is a private prison company that contracts with the federal government to house pretrial detainees as well as prisoners. Upon information and belief, pursuant to their government contracts, CORE is required to provide constitutionally sufficient detention facilities and administer them according to constitutional processes.

6. This lawsuit, pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq; the Judicial Code, §§1331 and 1343(a); and the Constitution of the United States, sets forth claims of violations of PORTER's constitutional

Porter Complaint - 3

rights under, inter alia, the Fifth Amendment right to pretrial medical care, and due process in disciplinary proceedings.

7.   This Court, therefore, has subject matter jurisdiction over the claims in this lawsuit.

8.   PORTER has satisfied all necessary conditions precedent to the filing of this lawsuit.

**Facts**

9.   On or about September 7, 2018, Plaintiff was handcuffed and being transported to his cell. Suddenly, and without warning, Defendant Hingos slammed Plaintiff's head against a concrete wall. Plaintiff's mouth started bleeding and he felt immediate pain. His head, right above his right eye, which was otherwise unremarkable prior to this incident, immediately started to swell. Plaintiffs legs were also forcibly separated, causing Plaintiff to be in the position of a full "split." Thereafter, Plaintiff spit blood onto the floor.

10.   Shortly after Defendant Hingos' actions as discussed *supra*, Plaintiff began suffering from vomiting, dizziness, headaches, and blurred vision, and loss of appetite. He also developed issues with memory loss and an inability to focus, as well as chronic severe back and groin pain. These ailments, including medical treatment and therapy for such ailments, continue through the date of the filing of this Complaint.

11.   On or about September 7, 2018, Plaintiff requested medical attention as a result of Defendant Hingos' action as discussed in the above paragraph, by pushing the "help" button available to him. He reported symptoms including but not limited to pain, headache and blurred vision. Plaintiff was re-examined, and it was determined that his injuries and ailments were the result of blunt force trauma, but no treatment was provided for his injuries.

Porter Complaint - 4

12. On or about September 7, 2018, Plaintiff requested medical attention as a result of Defendant Hingos' action as discussed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

13. On or about September 8, 2018, Defendant Bond charged Plaintiff with "Assault" for "spitting at a correctional officer" in reference to Plaintiff spitting blood on the floor as discussed *supra*. Defendant Bond at the time of charging Plaintiff was aware that Plaintiff did not actually spit at Defendant Bond, nor did Plaintiff perform any action that could be considered "assault" by Defendant Core, against Defendant Bond. Defendant Bond did not charge Plaintiff with anything other than "Assault."

14. Upon information and belief, on numerous occasions between September 8, 2018 and September 13, 2018, Plaintiff requested medical attention as a result of Defendant Hingos' actions as discussed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

15. On or about September 13, 2018, Plaintiff requested medical attention as a result of Defendant Hingos' action as discussed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

16. On or about September 18, 2018, a hearing was held regarding the "Assault" event of September 7, 2018. At the hearing, Plaintiff explained that his "spitting" was to remove the blood from his mouth, which was only present due to Defendant Hingos' actions as described *supra*. Plaintiff further explained that as Defendant Core defines "Assault", Defendant Bond's testimony and evidence did not substantiate such a charge. Nonetheless, Plaintiff was found guilty of both "Assault" and "Failure to Follow."

Porter Complaint - 5

17.   Plaintiff as not charged by Defendant Bond with "Failure to Follow." Upon information and belief, Defendant Core's published policies and procedures only allow an inmate, including but not limited to Plaintiff, to be adjudicated guilty for disciplinary issues that were actually charged prior to the hearing, of which an inmate, including but not limited to Plaintiff, is entitled to twenty-four (24) hours' notice. As Defendant Payne found Plaintiff guilty of "Failure to Follow" despite knowing that he was never charged with "Failure to Follow" and without twenty-four (24) hours' notice, Plaintiff appealed both his guilty determinations via grievance the next day.

18.   On or about September 18, 2018, Plaintiff finally received a medical appointment in response to his requests for such treatment made on September 7, 2018 and September 13, 2018. At said appointment, Defendant Giovino did not evaluate whether or not Plaintiff sustained a concussion, and, upon information and belief specifically including but not limited to the fact that Defendant Giovino prescribed ice packs for Plaintiff's head injury which would not have any effect on "fatty deposits", falsely diagnosed Plaintiff's cranial swelling as a "fatty deposit" and his other ailments as discussed *supra*, as unrelated to having his head slammed against a concrete wall, so as to create a false medical record to sever a potential causal link between Defendant Hingos' actions and Plaintiff's conditions for which he had been complaining.

19.   On or about September 19, 2020, Plaintiff requested medical attention as a result of Defendant Hingos' action as discussed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

20.   On or about September 19, 2020, Plaintiff filed a grievance related to Defendants Hingos' and Giovino's actions as discussed *supra,*

Porter Complaint - 6

indicating his injuries and notifying Defendants that he was having complications therefrom. He further detailed that the medical treatment he eventually received from Defendant Giovino was deficient as described *supra*. Plaintiff, extremely concerned about his medical condition, requested a second opinion from a different doctor. He also requested an investigation to be conducted related to Defendant Hingos' excessive force.

21.  On or about September 20, 2018, Plaintiff filed a grievance on the basis of violation of his due process rights. Specifically, Defendants were required to conduct a hearing as to the alleged Assault within seven business days of the incident, and such hearing did not occur within the required timeframe. Despite Plaintiff raising this issue at the hearing, said issue was ignored by Defendant Payne and she found Plaintiff guilty of "Assault" and "Failure to Follow."

22.  On or about September 21, 2018, Defendant Daniel "returned" Plaintiff's grievance without action, and advised that the appropriate process was to appeal the disciplinary decision through the DHO process.

23.  On or about September 21, 2018, Defendant Sangenbaeher, in response to Plaintiff's request for a second medical opinion, merely reiterated the notes in Plaintiff's medical record, and therefrom, denied Plaintiff's request for a second opinion. On or about September 26, 2018, Plaintiff grieved this finding, requesting specifically that Defendant Hivner review the medical issues and review the security footage of Plaintiff's head being slammed into the concrete wall to substantiate the seriousness of his injuries.

24.  On or about October 1, 2018, Plaintiff requested medical attention for continuing complications of his injury caused by Defendant Hingos as detailed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

Porter Complaint - 7

25.   On or about October 2, 2018, Plaintiff requested medical attention for continuing complications of his injury caused by Defendant Hingos as detailed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

26.   On or about October 4, 2018, Plaintiff requested medical attention for continuing complications of his injury caused by Defendant Hingos as detailed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

27.   On or about October 4, 2018, Plaintiff timely (by way of an extension request being approved by Defendant Yemma) appealed his disciplinary finding on the basis of violation of due process rights in that the Defendant's published policies and procedures were not being followed in relation to Plaintiff's disciplinary proceedings.

28.   On or about October 4, 2018, Plaintiff sent a request directly to Defendant Hivner requesting medical attention for continuing complications of his injury caused by Defendant Hingos as detailed *supra*, but no examination of nor treatment for his conditions were tendered by Defendant.

29.   On or about October 5, 2018, Plaintiff requested medical attention for continuing complications of his injury caused by Defendant Hingos as detailed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

30.   On or about October 5, 2018, Plaintiff's appeal was granted, and the "Assault" charge was dropped for lack of supporting evidence, but the "Failure to Follow" charge was sustained, despite Plaintiff raising due process concerns, which went unaddressed.

31.   On or about October 8, 2018, Plaintiff requested medical attention for continuing complications of his injury caused by Defendant

Porter Complaint - 8

Hingos as detailed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

32.   On or about October 8, 2018, Defendant Warden denied Plaintiff's appeal because according to Defendant, Plaintiff had been provided with the disciplinary appeal form on September 18, 2018.

33.   On or about October 10, 2018, Plaintiff requested medical attention for continuing complications of his injury caused by Defendant Hingos as detailed *supra,* by filling out a Sick Call Request, but no examination of nor treatment for his conditions were tendered by Defendant.

**CAUSES OF ACTION**

34.   All other paragraphs are incorporated.

35.   PORTER states a cause of action for excessive force against the Defendant identified at ¶ 8.

36.   PORTER states a cause of action for failure to provide medical treatment to a pretrial detainee against the Defendants identified at ¶¶ 11-12, 14-15, 19, 24-25, 27-28, 30, 32.

37.   PORTER states a cause of action for due process violations against the Defendants identified at ¶¶ 13, 16-17, 21, 31.

38.   PORTER states a cause of action for insufficient medical treatment against the Defendants identified at ¶¶ 18, 33.

39.   As a direct and proximate result of these stated causes of action, PORTER has suffered, and continues to suffer, injuries and damages as discussed at ¶ 9.

WHEREFORE, PORTER requests Judgment in his favor, and that all damages as allowed by law be awarded to him, to include costs of suit and attorney's fees.

**TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED**

*[signature page to follow]*

Porter Complaint - 9

Dated this 4th day of September, 2020

/s/ Seneca Konturas

Seneca Konturas, Esq.
Oh. Id. No. 0095328
P.O. Box 662
Aurora, Ohio 44202
Tel: (330)552-7117
Fax: (330)382-3052
Email: seneca@sk.legal
*Attorney for Plaintiff*

Porter Complaint - 10